UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYRONE JAY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:05-CV-30-TLS |
| | ) |
| GRANT COUNTY JAIL, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Tyrone Jones, a prisoner confined at the Grant County Jail, submitted a complaint under 42 U.S.C. § 1983. The Court screened Jones's Complaint pursuant to 28 U.S.C. § 1915A, determined that he had not named a proper defendant, and afforded him time within which to file an amended complaint naming the jail officials he believed may have violated his federally protected rights. This case is now before the Court on Jones's Amended Complaint, alleging that Grant County Sheriff Oatess Archey and Jail Nurse Terry Neal denied him needed medical treatment.

The Court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court

> requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Jones brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

Jones alleges that the Defendants deprived him of medical care for a serious and painful injury while he was a pre-trial detainee. The Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the due process clause. But "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's

actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is serious, within the meaning of *Estelle v. Gamble,* only if it is "life threatening or poses a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991).

Jones alleges that he hurt his leg and was originally prescribed pain medication. But when the pain medication ran out, the Defendants refused to prescribe more unless he paid for it. As a result, Jones was without medication and left in pain. "Co-pay" policies under which inmates must bear part of the cost of their treatment have been upheld as constitutional so long as the co-pay does not interfere with timely and effective treatment of serious medical needs. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404 (9th Cir. 1985); *Johnson v. Dept. of Public Safety and Correctional Services*, 885 F. Supp. 817 (D. Md. 1995).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quotinc *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). If the Defendants denied Jones needed pain medication because he could not afford it, then, giving him the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say no relief could be granted under any set of facts that could be proved consistent with his claim.

For the foregoing reasons, the Court:

3

(1) GRANTS the Plaintiff leave to proceed against Defendants Oatess Archey and Terry Neal in their individual capacities and against Oates Archey in his official capacity on the claim in his Amended Complaint that they were deliberately indifferent to his serious medical needs by denying him pain medication;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS the Defendants to respond to the Amended Complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the Marshals Service to effect service of process on the Defendants, and DIRECTS the clerk's office to ensure that a copy of this Order is served on them along with the summons and the Amended Complaint.

SO ORDERED on May 24, 2005.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT