UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TYRONE JAY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CV-30-TS |
| | ) | |
| GRANT COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Tyrone Jones filed suit under 42 U.S.C. § 1983, alleging that Grant County Sheriff Oatess Archey and Jail Nurse Terry Neal denied him needed medical treatment while he was confined at the Grant County Jail awaiting trial. Both of the Defendants moved for summary judgment [DE 56, 59]. The Plaintiff has not responded. For the reasons stated below, the Defendants' Motions are granted.

**BACKGROUND**

On January 26, 2005, the Plaintiff, proceeding pro se, filed his Complaint against the Grant County Jail and its medical staff. The Complaint alleges that he was denied proper medical care for a knee injury because he was denied pain medication for one week and was required to agree to a payment plan for athroscopic knee surgery. On April 12, 2005, the Court issued a screening order pursuant to 28 U.S.C. § 1915A. The Court stated that the Plaintiff could not proceed against the jail or the jail's "medical staff" as an unidentified group because they were not "persons" under § 1983. The Court advised that the Plaintiff could proceed against the Sheriff if he believed that official policies promulgated by the sheriff violated his rights and

could also proceed against individual jail officials, including doctors and nurses. The Court provided the Plaintiff an opportunity to file an amended complaint naming the jail officials who he believed violated his rights.

On April 26, 2005, the Plaintiff filed his Amended Complaint against Sheriff Archey and Nurse Neal. On May 24, 2005, the Court gave the Plaintiff leave to proceed against the Defendants on the theory that they were deliberately indifferent to his serious medical needs. On this same date, a supplement to the Amended Complaint was entered on the docket. In it, the Plaintiff stated that Nurse Neal did not provide an Ace bandage wrap for his knee and acted unprofessional in her response to his request.

On September 28, 2005, Defendant Archey answered the Complaint and on August 10 moved for summary judgment. Defendant Neal also moved for summary judgment on August 10. A Notice to Pro Se Litigant from all Defendants advised the Plaintiff of his obligation to respond to the summary judgment motions and the consequences of failing to dispute the Defendants' factual assertions. The Notice set forth the rules of procedure governing summary judgment motions, including the time frame for a response. On August 16, 2006, mail sent to the Plaintiff at his last known address, the Grant County Jail, was returned to the Clerk as undeliverable because the Plaintiff was no longer an inmate at the Grant County Jail. The Plaintiff has not provided the Court with his current address and has not responded to the Defendants' motions for summary judgment.

**STANDARD OF REVIEW AND STATEMENT OF FACTS**

In its May 24, 2005, screening order of the Plaintiff's Amended Complaint, the Court determined that the Plaintiff could proceed with his § 1983 claim against Defendant Neal in her individual capacity and against Defendant Archey in his individual and official capacities. The Court held that dismissal of the Amended Complaint was not appropriate because if the Defendants denied the Plaintiff needed pain medication because he could not afford it, as he alleged, "then, giving him the benefit of the inferences to which he is entitled at the pleading stage, the Court cannot say no relief could be granted under any set of facts that could be proved consistent with his claim." (DE 10 at 3.)

This matter is now before the Court on the Defendants' motions for summary judgment. The Plaintiff is not entitled to the same deference that he was during the screening process. The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The

moving party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990).

Here, the Defendants have done more than show that there is an absence of evidence to support the Plaintiff's claims. The moving parties have supported their motions for summary judgment with affidavits or other materials and thereby shifted to the Plaintiff the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977). Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986).

The Plaintiff has not responded to the Defendants' motions for summary judgment. Accordingly, he has not set forth specific facts establishing that there is a genuine issue for trial. In addition, because the Plaintiff has not controverted the Defendants' facts, they are admitted to exist without controversy. *See* N.D. Ind. L.R. 56.1(b) (providing that "the court will assume that

the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in a 'Statement of Genuine Issues' filed in opposition to the motion" and supported by admissible evidence").

The undisputed evidence is that, on October 13, 2004, after the Plaintiff injured his knee playing basketball, the jail nurse, Nurse Brankle, examined his knee, gave him ibuprofen tablets, an ice pack, and an Ace bandage to wrap his knee. Nurse Brankle also put the Plaintiff on medical call to have a doctor look at his knee during his next visit. Two days later, at sick call, Nurse Neal, who was contracted through her employer to provide services to inmates during sick call hours, examined the Plaintiff's knee. She noted that his knee was swollen but that his joint was stable and he was not wearing his bandage. Nurse Neal ordered ibuprofen three times daily, ice packs three times daily, and a rolled blanket to elevate his knee when laying down. She also instructed the Plaintiff to wear the Ace wrap and to come to the next sick call for a follow-up evaluation.

The Plaintiff refused to come to sick call for an evaluation on October 19, 2004. In his Amended Complaint, he claims it was because he would have to pay $15.00 or $10.00 and he did not have the money. The jail maintained a policy that required inmates to make co-payments for certain medical services, which would be deducted from their inmate trust account. However, the policy emphasized that "[i]nmates will never be refused medical treatment because of their inability to pay." (DE 62, Ex. B at 4.) An inmate with a trust account balance of $0 would receive the same medical care as an inmate with enough money in his trust account to pay the entire co-pay.

Neal evaluated the Plaintiff's knee again on October 28, 2004. She ordered an

5

orthopedic referral and continued ibuprofen. Nurse Brankle then called several orthopedic offices to set an appointment for the Plaintiff and eventually secured an appointment with Dr. Roper on November 15, 2004. Dr. Roper ordered an MRI and the Jail Commander authorized the MRI.

After the MRI and Dr. Roper's assessment, Nurse Neal prescribed Naprosyn. After Dr. Roper evaluated the Plaintiff again, he recommended arthroscopy. The Plaintiff continued on different pain medications and was scheduled for surgery. The Plaintiff never received the surgery because he refused to complete several forms required for surgery, including a consent for surgery and an application for a Marion General Hospital program that would have allowed him to receive the surgery even though he was not presently able to pay for it. The Plaintiff testified in his deposition that some matters regarding the surgery, such as a concern regarding blood clots, kept him from signing the consent form. He also stated that he wanted the jail, not Medicaid to pay for a portion of the surgery because he was injured at the jail.

## DISCUSSION

The Plaintiff alleges in his Amended Complaint that the Defendants violated his rights to proper medical care when they let him "lay here in pain for so long." (Amd. Compl. at 4.) His complaints can be divided into two categories: (1) he was denied pain medication for a week; and (2) the prison, not he or Medicaid, should pay for the recommended surgery.

The Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the

due process clause. But "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of plain, proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 106 (1976) (internal quotation omitted). To survive summary judgment, the Plaintiff must show that he had an objectively serious medical condition and that prison officials knew of a risk posed by the condition and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994) (objective and subjective elements of deliberate indifference).

No reasonable jury could find from the undisputed facts that the Defendants were deliberately indifferent to the Plaintiff's medical needs, serious or otherwise. The facts reveal that Nurse Neal and Nurse Brankle made conscientious efforts to examine the Plaintiff, prescribe pain medications and other treatments, and facilitate his examination by an orthopedic physician. The Plaintiff received an MRI and was scheduled for surgery. The surgery was cancelled only by the Plaintiff's own failure to complete the appropriate forms.

**A.     Denial of Pain Medication**

The Plaintiff's allegation that he went for a week's time without pain medication does not demonstrate that the Defendants acted deliberately indifferent. According to his Amended Complaint, he was only denied pain medication because he did not go to sick call—not because

Nurse Neal refused to treat his pain.[1] Nurse Neal made no decision at all, much less one that could be deemed a "conscious" and "culpable" refusal to prevent impending harm. *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) (Eighth Amendment deliberate indifference standard). Every time that the Plaintiff saw Nurse Neal she prescribed medication as she determined was medically appropriate for his knee injury. In addition, while deliberate indifference may be evidenced by failing to treat or delaying the treatment of a serious medical need, the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment. *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). The Plaintiff has not presented any evidence that the one-week gap in pain relief medication had a detrimental affect on his health.

Sheriff Archey cannot be held liable in his individual capacity either; he did not have any personal involvement in the Plaintiff's medical care. *Kelly v. Mun. Courts of Marion County, Ind.*, 97 F.3d 902, 909 (7th Cir. 1996) (explaining that individual can only be held liabile under § 1983 if he was "personally involved" in the violation). "[I]f the defendant merely exercised supervisory authority over those who violated the plaintiff's rights and otherwise failed to participate in any violation of the plaintiff's rights" the defendant will not be liable. *Id.*

The Plaintiff's claim against Sheriff Archey in his official capacity also fails because no policy of the Sheriff's Department caused his alleged deprivation. *See Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) ("[M]unicipal liability exists only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

---

[1] The Plaintiff alleges in his Amended Complaint that he did not go to sick call because "they tried to charge" him $15.00 or $10.00 that he did not have. Because the Plaintiff has not filed a response to the motions for summary judgment, he has not provided any evidence that he would have been denied pain medication if he went to sick call or that Nurse Neal was the person that tried to charge him a co-pay.

8

may fairly be said to represent official policy, inflicts the injury.'") (quoting *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The Plaintiff chose not to go to sick call when he learned of the co-pay requirement. No one at the jail actually denied him services for failure to pay. And the jail's policy explicitly stated that no medical treatment would be withheld due to an inmate's inability to pay. The Constitution does not forbid a state from requiring an inmate to pay for medical treatment that would not be free outside of prison, to the extent the inmate is able to pay. *Martin v. Debruyn*, 880 F. Supp. 610, 614 (N.D. Ind. 1995) ("Nothing in the Eighth Amendment . . . requires a state to provide an inmate, free of charge, with a necessary commodity that would not be free outside the prison walls and which the inmate has the legal means to obtain.") The policy at issue merely insisted "that an inmate with sufficient funds use those funds to pay for medical care" and this "is neither deliberate indifference nor punishment." *Id.* at 615.

### B.     Payment for Recommended Surgery

The Plaintiff also complains that the prison would not pay for his surgery. The Plaintiff has not established that the jail's refusal to pay for his surgery was a violation of his constitutional rights. He was given the opportunity to set up a payment plan and to get assistance in paying for the surgery. Dr. Roper cancelled the surgery because the Plaintiff failed to fill out the appropriate forms, not only regarding payment, but giving his consent for the doctor to perform the surgery. The Plaintiff has not disputed the fact that, regardless of payment issues, he refused to consent to the surgery because he had unresolved medical concerns.

The Defendants were not responsible for cancellation of the surgery. No reasonable jury

9

could conclude that the Defendants were deliberately indifferent to the Plaintiff's serious medical needs and they are entitled to judgment as a matter of law.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant Neal's Motion for Summary Judgment [DE 56] and Defendant Archey's Motion for Summary Judgment [DE 59] are GRANTED. Judgement will be entered in favor of the Defendants and against the Plaintiff.

SO ORDERED on December 19, 2006.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION